**UNITED STATES, Appellee,**

v.

**Specialist Derrick A. BRADFORD, 133–50–9164, United States Army, Appellant.**

**ACMR 8702438.**

U.S. Army Court of Military Review.

31 Jan. 1990.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Jeffrey J. Fleming, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Major Gary L. Hausken, JAGC, Captain Denise J. Arn, JAGC, Captain Timothy J. Saviano, JAGC (on brief).

Before MYERS, JOHNSON, and NEURAUTER, Appellate Military Judges.

OPINION OF THE COURT DENYING PETITION FOR RECONSIDERATION

MYERS, Senior Judge:

This case is again before us, this time by way of a Petition for Reconsideration filed

by the Government for reconsideration of our Opinion of the Court on Remand, *United States v. Bradford,* 29 M.J. 829 (A.C.M. R.1989).[1]

In that opinion, we held that the defense of self-defense was reasonably raised by the evidence and that the military judge, who instructed the court-martial only on the offering of grievous bodily harm in self-defense, should have instructed on both the offering to and the actual infliction of grievous bodily harm in self-defense. *Id.* at 833.[2] We further held that the military judge's failure to instruct on both aspects of self-defense was prejudicial error. Accordingly, we set aside the findings of guilty and the sentence and authorized a rehearing. *Id.* at 833–34. In its motion for reconsideration, opposed by the appellant, the Government contends that this court erred in holding that self-defense was reasonably raised by the evidence. We disagree, and adhere to our previous holding that self-defense was reasonably raised by the evidence and that the military judge's failure to instruct on both aspects thereof was prejudicial error. The Government further contends in its motion that we incorrectly set aside Charge I and its Specification, which alleged a violation of U.S. Army Europe Reg. 632–10, Standards of Conduct and Fitness: Regulated Activities of Members of the US Forces, DOD Components, and Family Members (5 Nov. 1981), by possession of a switchblade knife. The Government asks us, therefore, to reinstate the finding of guilty of Charge I and reassess the sentence.

On the evening in question, the appellant went to a bar in Mainz, Federal Republic of Germany, accompanied by Privates First Class (PFC) E and S. PFC E owned and carried in his possession the switchblade knife at issue here. Sometime after arrival at the bar, PFC E asked appellant to keep the knife for him since it kept opening in his pocket as he danced. Appellant agreed, took the knife, and put it in his own pocket. Later in the evening the fight occurred in which appellant stabbed the victim, Specialist (SPC) R, with PFC E's knife.[3]

Contrary to the Government's assertions, it is clear to us that the primary offense for which appellant was tried was the stabbing of SPC R. The possession of the knife used in the stabbing was merely a collateral issue—the means by which the stabbing was accomplished. The evidence revealed that PFC E, the owner of the knife and the one who brought it to the bar in the first instance, received an oral reprimand for owning and possessing said knife. That tells us that had the knife not been used in the fight, assuming that appellant would have been found in possession thereof, it is likely that appellant would have received nothing more than a reprimand for keeping the knife temporarily for PFC E. Further, since the possession of the knife was an integral component of the stabbing, evidence of the stabbing would inevitably include evidence of possession of the knife. Thus we suggest, without deciding, that perhaps the possession of the knife offense would be subsumed in and multiplicious with the greater assault offense. Accordingly, we adhere to our previous disapproval of all the findings of guilty and the sentence in this case.

The motion for reconsideration is denied.

Judge JOHNSON and Judge NEURAUTER concur.

---

**1.** For the appellate history of this case, *see id.* at 830.

**2.** *See* Manual for Courts–Martial, United States, 1984, Rules for Court–Martial 916(e)(1) and (2).

**3.** For a more comprehensive recitation of the facts, *see Bradford,* 29 M.J. at 830–31.